```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


ANDREW S. CWIK,                 :    NO. 1:09-CV-00669
                                :
     Plaintiff,                 :
                                :
              vs.               :    OPINION AND ORDER
                                :
CYNTHIA DILLON, et al.,         :
                                :
     Defendants.                :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 9), Plaintiff's Objection (doc. 11), and Defendants' Reply (doc. 12). For the reasons indicated herein, the Court adopts and affirms the Report and Recommendation, and dismisses this matter from the docket.

The Magistrate Judge reported that Plaintiff's case, brought pro se, involves allegations that Defendants interfered with his civil rights, specifically, access to his children's school grounds (doc. 9). Plaintiff, who was engaged in a custody dispute over his children, claims Defendant school officials made a concerted effort to interfere with his fundamental right to participate in the upbringing and education of his children, when on two separate occasions they denied him full access to the school premises (Id.). Plaintiff further claims Defendant Dillon issued a "stay-away" letter, which was used to influence the custody dispute between him and his wife (Id.).

The Magistrate Judge reviewed the matter and found the

crux of the matter concerned Plaintiff's inability to pick up his children from school on two particular days when his wife had already done so (Id.). The Magistrate Judge reviewed controlling authority and found no fundamental liberty at stake (Id. quoting Blau v. Fort Thomas Public School District, 401 F.3d 381, 395-96 (6th Cir. 2004)("[w]hile parents may have a fundamental right to decide whether to send their child to a public school, they do not have a fundamental right generally to direct how a public school teaches their child.") The Magistrate Judge further found that the Ohio Revised Code specifically grants local boards of education the authority to manage the issue of entrance on school grounds of persons other than students and school employees (Id. citing O.R.C. § 3313.20(A)). The Magistrate Judge found that Plaintiff's liberty interest in directing the education of his children does not extend to a constitutional right to unlimited admittance into or onto the building grounds of his children's school (Id.). As such, the Magistrate Judge reported, being questioned by school officials and prevented from removing his children early from school does not infringe on Plaintiff's liberty interest in participating in the education of his children (Id.). The Magistrate Judge further found Plaintiff's allegations do not rise to a level that shocks the conscience, and therefore found no viable substantive due process claim (Id.). Having concluded that no fundamental liberty interest was at stake, the Magistrate Judge found no viable

procedural due process or equal protection claims (Id., citing Thomas v. Cohen, 304 F.3d 563, 576 (6th Cir. 2002)).

Finally, the Magistrate Judge found Defendants' argument well taken that they are entitled to qualified immunity (Id.). Because the qualified immunity analysis requires as a first step the determination that a constitutional right has been violated, and no right was violated here, the Magistrate Judge concluded the Defendants are entitled to qualified immunity with respect to Plaintiff's claims against them (Id.).

Plaintiff objected to the Magistrate Judge's Report and Recommendation, contending that he was not seeking unlimited access to his children, but rather that he merely wanted to disenroll them from the school, which would have required access only one time (doc. 11). Plaintiff further contends he was never disruptive and the "stay away" letter was bogus, issued only to influence the custody decision and ensure the children stayed enrolled at the school (Id.). Plaintiff argues it shocks the conscience that a school would issue a bogus letter so as to influence a custody decision such that he has viable substantive due process and procedural due process claims (Id.). Plaintiff further argues the Magistrate Judge erred in assuming that Plaintiff was indeed disruptive, there was no rational basis for Defendants' actions, and therefore Plaintiff has a valid equal protection claim (Id.). Plaintiff contends he is entitled to more discovery to develop his

3

claims against the Board of Education (Id.). Finally, Plaintiff argues Defendants should not be entitled to qualified immunity because any reasonable school official should know their decision to interfere with his decision to disenroll his children must be at minimum rationally related to some legitimate interest, and that Plaintiff should be afforded some process before those rights were taken away (Id.).

Defendant replies that Plaintiff's Objection essentially repeats the arguments he raised in response to Defendants' motion to dismiss (doc. 12). Defendant contends Plaintiff offers no new arguments or law regarding his substantive due process claim, and raises a purely unsubstantiated new point, that Defendants' actions shock the conscience, in support of his procedural due process claim (Id.). Defendant notes Plaintiff's new statements in support of his equal protection claim, that Plaintiff was not disruptive, and that Defendants treated his ex-wife differently (Id.). However, Defendant contends such statements do not detract from the Magistrate Judge's findings that Plaintiff has not alleged sufficient facts to establish he was the victim of an irrational unconstitutional profiling, nor has he identified parents who were permitted unrestricted access to school grounds following disruptive behavior on their part (Id.). Moreover, Defendant argues, Plaintiff does not establish that his wife was similarly-situated, a requirement for a class-of-one equal protection claim

4

(Id.).  As for Plaintiff's request for more discovery, Defendant contends a Plaintiff who files a deficient complaint is not entitled to discovery (Id. Citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1954 (2009)).  Finally, Defendant argues Plaintiff's new statement that he was not seeking unlimited access to his children, but rather to disenroll his children in no way corrects that deficiency in his Complaint for failure to sufficiently allege a constitutional violation.

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct.  Clearly Plaintiff's inability to pick up his children from school on two particular days when his wife had already done so does not amount to a constitutional violation. Plaintiff's conclusory allegation that Defendant Dillon drafted a bogus letter does not salvage his Complaint.  School officials reasonably control access of non-students and non-personnel to school grounds, and such control is established by Ohio statute. The Court finds nothing in Plaintiff's allegations that rises to the level that would shock the conscience and insufficient allegations to support an equal protection claim.  The Court finds Defendant's response to  Plaintiff's objection well-taken, and agrees that further discovery as to the Defendant Board of Education would be inappropriate. Iqbal, 129 S.Ct. 1954. Finally, Defendants are entitled to qualified immunity for having acted

5

within their statutory mandate to manage the entry of all persons on the school premises.

      Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9), GRANTS Defendants' Motion to Dismiss (doc. 5), DISMISSES Plaintiff's Complaint and TERMINATES this matter on the Court's docket.  The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this matter would not be taken in good faith.  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

      SO ORDERED.

Date: February 2, 2011    /s/ S. Arthur Spiegel  
                                    S. Arthur Spiegel  
                                    United States District Senior Judge